JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Philadelphia Indemnity Insurance Company

### DEFENDANTS
Page Insurance, LLC

**(b)** County of Residence of First Listed Plaintiff **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Louis A. Bove, Esq./Jay M. Green, Esq., Bodell Bove LLC, 1845 Walnut St., Suite 1100, Phila., PA 19103; 215-864-6600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud |  | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** |  | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act |  | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) |  |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332; 28 U.S.C. Sec. 1331; 15 U.S.C. Sec. 1125

Brief description of cause:
Declaratory Judgment, Breach of Contract and Breach of the Lanham Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: April 6, 2023
SIGNATURE OF ATTORNEY OF RECORD: s/ Jay M. Green

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **One Bala Plaza, 231 St. Asaphs Road, Bala Cynwyd, PA 19004**

Address of Defendant: **365 Park Avenue, Idaho Falls, ID 83402**

Place of Accident, Incident or Transaction: **Bala Cynwyd, Pennsylvania**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **04/06/2023**    *[signed] Jay M. Green* (Must sign here)    **PA 70914**
                        Attorney-at-Law / Pro Se Plaintiff                Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Jay M. Green**, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **04/06/2023**    *[signed] Jay M. Green* (Sign here if applicable)    **PA 70914**
                        Attorney-at-Law / Pro Se Plaintiff                Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. |
| PAGE INSURANCE, LLC | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND BREACH OF THE LANHAM ACT

COMES NOW Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY, by and through its counsel, and brings this Complaint for Declaratory Judgment, Breach of Contract, and Breach of the Lanham Act against Defendant, PAGE INSURANCE, LLC, and states as follows:

### Introduction

1. This is an action arising primarily from a contract between PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC" or "Philadelphia") and PAGE INSURANCE, LLC ("Page") in which PIIC seeks a declaration that it has no duty to defend, to advance defense costs or to indemnify Page in the lawsuit captioned *Seikosoft LLC v. Philadelphia Indemnity Insurance Company; Wilson Elser Moskowitz Edelman & Dicker LLP; Jeremy Merkel; Page Insurance, LLC; and Ben Page*, No. CV10-20-7615, District Court of the Seventh Judicial District of the State of Idaho in and for the Country of Bonneville. (*See* Complaint in the "Seikosoft Lawsuit," Ex. 1.) Further, PIIC seeks entry of judgment, money damages, and attorney's fees because Page breached the contract between PIIC and Page, and PIIC seeks entry of a judgment,

including statutory damages and injunctive relief, because Page has violated and continues to violate the Lanham Act by holding itself out as being PIIC in Idaho.

### The Parties

2.      Plaintiff PIIC is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

3.      Defendant Page is a limited liability company incorporated under the laws of Idaho with its principal place of business in Idaho Falls, Idaho.  Page's members are citizens of Idaho and no member is a citizen of Pennsylvania.

### Jurisdiction and Venue

4.      Pursuant to 28 USC § 1331, this Court has subject matter jurisdiction over all Lanham Act claims asserted herein because such claims arise under federal law.

5.      Pursuant to 28 USC § 1332(a), this Court has subject matter jurisdiction over this dispute because there is complete diversity between Plaintiff and Defendant herein, and the amount at issue exceeds $75,000, exclusive of interest and costs.

6.      Further, pursuant to 28 USC § 1391, venue is proper in this District because PIIC does business in this District and the contract between PIIC and Page was made in this District.  In addition, the Parties agreed in their contract to venue in this District for the resolution of any dispute pursuant to the following provision:

> "Producer [Page] hereby consents to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. To the extent subject matter jurisdiction is not attainable in the District Court, the parties consent to the jurisdiction of the Courts of Common Pleas for Philadelphia County PA, and Montgomery County PA.  The parties irrevocably waive any objection that the forums selected herein are inconvenient forums.  To the fullest extent permitted by law, Producer hereby waives its right to a jury trial in any civil matter arising from or relating to this Agreement."

(Producer Agreement between PIIC and Page (the "Producer Agreement", Ex. 2.)

## The Producer Agreement

7. PIIC and Page entered into the Producer Agreement in August 2016. (Ex. 2.)

8. The Producer Agreement unequivocally states that Page may sell PIIC insurance policies, but that Page is not PIIC's agent. In the second Whereas clause of the Producer Agreement, the Parties jointly acknowledge: "Producer is not an agent of Company, but represents and assists insureds in negotiating and obtaining insurance coverages." (Ex. 2.)

9. The Parties further agree in the first paragraph of the Producer Agreement: "Producer is authorized to present applications for insurance policies to the Company for Company's review and possible acceptance. In submitting applications to Company, ***Producer agrees it is acting solely as an intermediary on behalf of prospective insureds, and not as an agent or sub-agent of Company***." (Ex. 2, emphasis added.)

10. In the Producer Agreement, Page further agreed not to hold itself out as being PIIC without PIIC's consent: "The Producer shall not utilize the Company's materials, images, artwork, logos, name or other supplies in any marketing, advertising or Internet use without the specific written consent of the Company." (Ex. 2 at Par. 12.) PIIC has not given such consent.

11. The Producer Agreement contains a bilateral hold harmless and indemnification clause. Both Parties are indemnitors and indemnitees under the clause. Obligations under this clause may arise from, among other things: "(i) any error or omission by the Indemnitor in connection with the performance of its obligations and duties arising under this Agreement; (ii) all fines, penalties, and related expenses which the indemnitee may incur as a result of any action of the indemnitor which is in violation of any law or regulation; (iii) a breach by the indemnitor of any of its obligations set forth in this Agreement; (iv) the indemnitor's infringement,

misappropriation, or violation of a third party's rights including their intellectual property rights; (v) the acts and omissions of the indemnitor's personnel." (Ex. 2 at Par. 13.)

### The Seikosoft Lawsuit

12. In Idaho, Seikosoft LLC, has filed a lawsuit against both PIIC and Page captioned: *Seikosoft LLC, v. Philadelphia Indemnity Insurance Company; Wilson Elser Moskowitz Edelman & Dicker LLP; Jeremy Merkel; Page Insurance, LLC; and Ben Page*, No. CV10-20-7615, District Court of the Seventh Judicial District of the State of Idaho in and for the Country of Bonneville. (Ex. 1.)

13. In the Seikosoft Lawsuit, among other things, Seikosoft alleged that PIIC improperly denied Seikosoft indemnity for an untimely filed claim and that PIIC's denial was made in bad faith. PIIC has denied all allegations made by Seikosoft. (Ex. 1.)

14. In the Seikosoft Lawsuit, among other things, Seikosoft alleged that Page negligently undertook to assist Seikosoft in filing Seikosoft's insurance claim with PIIC by acting as if Page was PIIC's agent. (Ex. 1.)

15. Seikosoft's allegations that PIIC improperly denied Seikosoft's insurance claim flow directly from Page's actions in beach of the Producer Agreement. PIIC has not asserted claims for negligence or breach-of-contract against Page in the Seikosoft Lawsuit because Paragraph 13 of the Producer Agreement, the Indemnity clause, expressly forbids such crossclaims by Page or PIIC: "the indemnifying party is hereby expressly prohibited from making any statement, entering any plea and/or defense and/or agreeing to any settlement that might imply or give rise to any fault or liability of the indemnitees." Because the provision in Paragraph 13 is bilateral, that clause prohibits PIIC or Page from bringing cross claims against the other in the

Seikosoft Lawsuit because the allegations in such crossclaims would injure the other party by materially affecting its defense to the Seikosoft allegations. (Ex. 2)

16. On March 27, 2023, Page tendered its defense in the Seikosoft Lawsuit to PIIC contending that Page is entitled to do under the Producer Agreement.

17. A principal of Page, Ben Page, has stated in sworn testimony in the Seikosoft Lawsuit, "Yes. As I understand it, Page Insurance is an extension of Philadelphia."

18. Ben Page has also stated in sworn testimony in the Seikosoft Lawsuit, "That's the agency relationship. So it's limited, but there is – we were appointed agents by Philadelphia; so there is a limited agency relationship there – or it's an agency relationship with limited powers."

19. The Producer Agreement does not authorize Page to accept claims from insureds. (Ex. 2.)

20. The Producer Agreement does not authorize Page to direct Insureds to PIIC's Legal Services Hotline (which does not accept claim reports) instead of reporting claims according to the claims reporting process described in an insured's insurance policy. (Ex. 2.)

21. Page has filed a pleading in the Seikosoft Lawsuit stating that "It is being alleged that the lawsuit herein is the result of Philadelphia's breach of contract with Plaintiff Seikosoft."

## COUNT I - DECLARATORY JUDGMENT UNDER 28 USC § 1331

### PIIC OWES NO DUTY TO DEFEND OR DUTY TO INDEMNIFY PAGE IN THE SEIKOSOFT LAWSUIT

22. Philadelphia repeats and realleges Paragraphs 1 to 21 as paragraph 22 as if set forth fully herein.

23. Page has tendered its defense in the Seikosoft Lawsuit to PIIC under the terms of Paragraph 13 of the Producer Agreement. (*See* Ex. 2.)

24. Page's theory of recovery is based on Page's allegations that PIIC breached PIIC's insurance contract with Seikosoft.

25. Seikosoft has sued Page on a theory of negligent undertaking because Page purported to be PIIC's Agent and provide assistance to Seikosoft. Seikosoft's allegations against Page arise from Page's conduct, not PIIC's conduct.

26. Paragraph 13 of the Producer Agreement does not provide Page with any right to seek defense or indemnity from PIIC for contract breaches alleged by third parties against PIIC for contracts to which Page is not a Party. (Ex. 2.)

27. An actual controversy exists between the parties and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as it deems necessary under the facts and circumstances. The amount in controversy exceeds $75,000.

WHEREFORE, Philadelphia Indemnity Insurance Company respectfully requests this Honorable Court to issue an order:

(a) declaring that Philadelphia has no duty under the Producer Agreement to defend, to advance Defense Costs or to indemnify Page in connection with the Seikosoft Lawsuit; and

(b) awarding Philadelphia such other and further relief as the Court may deem just and proper including all attorney's fees as provided in paragraph 14 of the Producer Agreement.

# COUNT II – BREACH OF CONTRACT

## PAGE HAS BREACHED THE PRODUCER AGREEMENT
## BY ITS ACTIONS CONCERNING SEIKOSOFT AND BY HOW IT HAS
## LITIGATED THE SEIKOSOFT LAWSUIT

28. Philadelphia repeats and realleges Paragraphs 1 to 27 as paragraph 28 as if set forth fully herein.

29. PIIC's relationship with Page is defined by the Producer Agreement. (Ex. 2.)

30. Page has breached the Producer Agreement by holding itself out as PIIC's agent and by holding itself out as an extension of PIIC.

31. Page has breached the Producer Agreement by causing Seikosoft to believe Page had the authority to accept insurance claims for PIIC.

32. Page has breached the Producer Agreement by stating in the Seikosoft Lawsuit that PIIC breached PIIC's insurance contract with Seikosoft.

33. Page has breached the Producer Agreement by submitting false insurance applications to PIIC.

34. Page has breached the Producer Agreement through other conduct regarding Seikosoft's PIIC insurance policy, and PIIC has been damaged in an amount that exceeds $75,000.

WHEREFORE, Philadelphia Indemnity Insurance Company respectfully requests this Honorable Court enter judgment for PIIC on breach of contract:

(a) awarding PIIC all compensatory and consequential damages; and

(b) awarding Philadelphia such other and further relief as the Court may deem just and proper including all attorney's fees as provided in paragraph 14 of the Producer Agreement.

# COUNT III – SPECIFIC PERFORMANCE

## THE PRODUCER AGREEMENT REQUIRES PAGE TO PAY PIIC'S ATTORNEY'S FEES FOR THIS LITIGATION AND FOR THE PAGE LAWSUIT

35. Philadelphia repeats and realleges Paragraphs 1 to 34 as paragraph 35 as if set forth fully herein.

36. Paragraph 14 of the Producer Agreement provides:

In the event that Company is required to institute legal action against the Producer or others, including: (a) any action arising from a breach of the Agreement; (b) any action to compel the Producer to perform any duty or duties required by the Agreement or under applicable law; (c) any action that seeks indemnity or contribution from the Producer; or (d) any action arising from any tort committed by the Producer, then Producer shall be liable for all legal fees and costs incurred by the Company in pursuing such legal action. The Company's right to recover its legal fees and costs shall include, but not be limited to, the Company's actual attorney's fees, expert or consulting fees, litigation costs, court costs, and all other related legal fees and costs.

(Ex. 2.)

37. PIIC is entitled to all Attorney's Fees for this action based on the terms of the Producer Agreement.

38. PIIC is entitled to all Attorney's Fees for the Seikosoft Lawsuit based on Page's conduct that gave rise to that lawsuit.

39. PIIC's legal fees exceed $75,000.

WHEREFORE, Philadelphia Indemnity Insurance Company respectfully requests this Honorable Court to issue an order:

(a) compelling Page to pay all of PIIC's attorney's fees for this action and for the Seikosoft Lawsuit; and

(b) awarding Philadelphia Indemnity Insurance Company such other and further relief as the Court may deem just and proper.

# COUNT IV – CONTRIBUTION

**PIIC IS ENTITLED TO CONTRIUTION FOR ANY LIABILITY IT MAY FACE IN THE SEIKOSOFT LAWSUIT**

40. Philadelphia repeats and realleges Paragraphs 1 to 39 as paragraph 40 as if set forth fully herein.

41. Page is responsible, in whole or in part, contractually or equitably, for the damages that Seikosoft seeks to recover from PIIC in the Seikosoft Lawsuit.

42. PIIC has been substantially damaged in an amount that exceeds $75,000 but which is ultimately to be determined in the Seikosoft Lawsuit.

WHEREFORE, Philadelphia Indemnity Insurance Company respectfully requests this Court to issue an order:

(a) requiring Page to pay any damages PIIC must pay in settlement or as the result of judgment in the Seikosoft Lawsuit; and

(b) awarding Philadelphia such other and further relief as the Court may deem just and proper.

# COUNT V – LANHAM ACT 15 USC § 1125 (Section 43 of the Lanham Act)

**PAGE IS VIOLATING SECTION 43 OF THE LANHAM ACT BY HOLDING ITSELF OUT AS PIIC**

43. Philadelphia repeats and realleges Paragraphs 1 to 42 as paragraph 43 as if set forth fully herein.

44. Section 43 of the Lanham Act provides in part that it is grounds to bring a civil action to seek remedy for violation of the Lanham Act where:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . .

45. A principal of Page, Ben Page, has stated in sworn testimony in the Seikosoft Lawsuit that: "Yes. As I understand it, Page Insurance is an extension of Philadelphia." Further Page has produced written discovery stating that Page is PIIC.

46. Ben Page has also stated in sworn testimony in the Seikosoft Lawsuit that Page has an Agency relationship with PIIC.

47. All of the statements by Page that it is an Agent for PIIC or that Page is PIIC are material misstatements of fact that would deceive or create confusion with an insured as to Page's relationship with PIIC.

48. Page carries on its business in a manner that allows its customers to believe Page is PIIC.

49. PIIC has been damaged by Page's false statements, among other things, because those false statements have caused Seikosoft to believe that Page is PIIC, and to file the Seikosoft Lawsuit against PIIC.

WHEREFORE, Philadelphia Indemnity Insurance Company respectfully requests this Honorable Court to enter a Judgment finding that Page has violated the Lanham Act:

(a) awarding PIIC all damages that PIIC has incurred because of Page's misrepresentations;

(b) awarding PIIC its attorney's fees; and

(c) entering an injunction that prohibits Page from representing that it is PIIC, that prohibits Page from representing that it is an extension of PIIC, and that prohibits

Page from stating that is an agent of PIIC or has any type of agency relationship with PIIC.

                PHILADELPHIA INDEMNITY INSURANCE COMPANY

BY:    s/ Jay M. Green
         Louis A. Bove, Esquire
         PA 53071
         Jay M. Green, Esquire
         PA 70914
         BODELL BOVE LLC
         1845 Walnut Street
         Suite 1100
         Philadelphia, PA 19103
         Tel.: (215) 864-6600
         Fax: (215) 864-6610
         lbove@bodellbove.com
         jgreen@bodellbove.com

         David Grassmick, Esquire (ARDC #6277563)(pro hac vice pending)
         COPE EHLERS, P.C.
         135 S. LaSalle Street
         Suite 3050
         Chicago, IL 60603
         Tel: (312) 549-9384
         Fax: (312) 549-9389
         dgrassmick@copeehlers.com

Date: April 6, 2023